THOMPSON TOMLIN, Appellant, *v.* THE TONICA AND PETERSBURG RAILROAD COMPANY, Appellee.

APPEAL FROM MASON.

A demurrer to a declaration having several counts, some of which are good, will not be sustained.

Where a railroad charter authorises a construction by divisions of the road under by-laws, and a count in an action to recover a subscription describes it as a general subscription, and not as a subscription to aid in constructing a division, and the count does not show a division of the road by by-law, and a proper call for stock is not shown to have been made, according to contract, the company cannot recover. The certificate of a secretary, that a proper call has been made, is not proof, the fact must be made to appear by a copy of the orders of the board, properly proven.

So of his certificate of publication of notice of calls upon subscribers for stock. That fact must be proven otherwise.

Averments of notice that calls upon subscribers have been made, should conform to the provisions of the act of incorporation; and such notice as the act requires must be given and proven.

THIS was an action of assumpsit, by the appellee, against the appellant, in the Mason County Circuit Court, damages $1,500, at its October term, 1859.

---
Tomlin *v.* Tonica and Petersburg R. R. Co.
---

The declaration contains two special counts, and the ordinary common counts. The first special count avers the incorporation of the plaintiffs by certain acts of the legislature, and that " afterwards, to wit, on the 1st day of August, A. D. 1857, at etc., the said defendant contracted to and with the plaintiffs, etc., to take, and, did take, and subscribe ten shares to the capital stock in said enterprise, (shares of stock in the same being one hundred dollars each,) in words and figures following, to wit:

"TONICA AND PETERSBURG RAILROAD.

" We the undersigned agree to take the number of shares set opposite our respective names in the capital stock of the Tonica and Petersburg Railroad Company.

"Thompson Tomlin, No. 10, Amount:     -     -     -     $1,000."

It further avers a promise to pay the instalments of stock in such times and manner as the Directors might require, and that afterwards, to wit, on the 26th August, 1857, at a meeting of the Board of Directors, an order was passed " that the subscribers to the capital stock of the *third division* of the Tonica and Petersburg Railroad Company *between Petersburg and Delavan* should pay on the 1st day of October, 1857, ten dollars," etc. It then avers, that in pursuance of such calls, all the payments are due.

The second count is substantially the same as the first, except that it does not set out the subscription *hæc verba*, but instead, avers " that the said defendant contracted with said plaintiffs to subscribe, and did then and there subscribe ten shares of the capital in said enterprise, (shares of stock in the same being one hundred dollars,) and that said plaintiffs accepted said subscriptions," and also that it avers a general call for instalments on all the subscribers of stock.

The defendant filed several pleas.

The first plea was *non assumpsit*, and the second and third *nul tiel corporation*, on which issue was joined.

A several general demurrer was sustained to the other pleas, and the defendant stood by his pleas.

The 11th and 12th pleas are as follows, to wit: " And the said defendant comes and defends the wrongs and injuries, etc., in the said declaration mentioned and says *actio non*, because he says that the cause of action mentioned, in the said plaintiff's declaration mentioned, is a certain subscription alleged to have been made by the said defendant to the said plaintiffs, and the said defendant avers that the said subscription was obtained by the agents of the said plaintiffs by false and fraudulent representations in this ; that before and at the time of the signing of the said subscription by the said defendant, James P. Walker and

Wm. Young, agents and employees of the said plaintiffs, solicited from the said defendant, his subscription to the said plaintiffs, and that the said defendant then and there stated to the said agents that he would not sign the said subscription unless the said railroad should run through the farm of John Y. Lane, of Mason county, Illinois, near to the residence of the said defendant, and that the said agents then and there fraudulently and deceitfully stated to the said defendant that the said railroad, of the said plaintiffs, should be laid down, and run through the said farm, and that thereupon the said defendant, trusting in the representations of the said agents, then and there signed the said subscription, without which representations the said defendant would not have so signed.

" And the said defendant avers that the said railroad has not been laid down or run through the said farm of the said John Y. Lane, but has been laid down a mile and a half from the said farm of the said Lane, farther off by a mile and a half from the residence of the said defendant.

" And the said defendant further avers that the said Railroad would have been of much greater value to the said defendant if laid down through the farm of the said John Y. Lane, than it is, or will be, laid down where it now is, all of which this defendant is ready to verify," etc.

" And the said defendant says *actio non,* because he says that the consideration in the said plaintiffs' declaration mentioned, for which they seek to recover judgment, was for a certain subscription to the said plaintiffs, purporting to be signed by the said defendant, and that the consideration moving the said defendant to sign the said subscription, has wholly failed in this, that before and at the signing of the said subscription, the agents and employees of said plaintiffs, who were obtaining subscriptions for the said plaintiffs, on the paper set out in the said plaintiffs' declaration mentioned, being informed at the time of the signing of said subscription by the said defendant, that he would not sign the same unless John Y. Lane's farm should be made a point in the line of the said railroad, and a town built there, fraudulently and deceitfully, then and there stated that the said John Y. Lane's farm should be a point in the line of the said railroad, and that there would be a town built on the said farm, and the said defendant being induced by the said false and deceitful representations, then and there signed the subscription, without which he would not have so signed.

" And the said defendant further avers, that the said John Y. Lane's farm was not made a point in the line of the said road of the said plaintiffs, and that there was not at the time of the commencement of this suit, or has there been since, a town built

there, but on the contrary, the road has been laid down some mile and a half from the said premises, all of which the said defendant is ready to verify," etc.

Which two pleas were demurred to by the plaintiffs, and the demurrer sustained.

At November term, 1859, issue was joined, and a jury impanneled and sworn, and after hearing the evidence, brought in a verdict against the defendant for $990, upon which the court rendered judgment, and thereupon the defendant made a motion for a new trial, which motion was overruled.

The following is the only evidence offered by the plaintiffs on the trial, to wit: " An Act to incorporate the Tonica and Petersburg Railroad Company, approved Jan. 15th, 1857, and supplement approved Feb. 4th, 1857, and additional supplement approved Feb. 14th, 1859. Objected to by defendant, objection overruled, to which defendant excepted.

The plaintiffs then offered before the jury the following certificates :

" STATE OF ILLINOIS, }  ss.
      Morgan County,    }

· " I, James Berdan, Secretary of the Tonica and Petersburg Railroad Company, do hereby certify that the said company is duly and regularly organized under its charter, contained in an act of the General Assembly of the State of Illinois, entitled ' An act to Incorporate the Tonica and Petersburg Railroad Company,' January 15th, 1857.

In testimony whereof, I have hereunto subscribed my name and affixed [SEAL.] the corporate seal of said company, at my office in Jacksonville, this 23rd day of January, 1858.          · JAMES BERDAN, Secretary."

" I, James Berdan, Secretary of the Tonica and Petersburg Railroad Company, do hereby certify that, at a meeting of the board of directors of said company, held at Jacksonville, Aug. 26th, 1857, a resolution, or order, was adopted by the said board, of which the following is a true copy from the record of the proceedings from the said board of directors, in my office, to wit:

" ' It was ordered that the work of construction, 2nd and 3rd divisions, be advertised for letting as soon as possible, and that calls be made on the stockholders in the said divisions for payment of ten dollars to be made on each share, on the first day of October next, and a further payment on each share, of ten dollars, to be paid on the first day of November next, and ten dollars to be paid on the first day of every month thereafter, until the amount of subscriptions shall be paid, and that the president and secretary give notice of such calls by advertisement.'

" I do further certify, that the calls aforesaid were duly

advertised by the president and secretary for at least thirty days previous to the first day of October, 1857, in the Morgan Journal, a public newspaper, printed in Jacksonville, and also in the Menard Index, a public newspaper, published in Petersburg; both places being on the line of said road. I do further certify that, at a meeting of the board of directors aforesaid, held at Delevan, October 28th, 1857, a resolution, or order, was adopted by the said board, of which the following is a true copy from the record of proceedings aforesaid, to wit:

" ' *Resolved,* That hereafter, in all cases where any call upon subscribers has been made, and has remained unpaid for thirty days, it shall be the duty of the directors having the collection of such subscription, to institute suit against the delinquents for the amount due the company, and that the secretary give notice of this resolution by a circular, to be issued from this office.'

". And I further certify, that I gave notice of the last mentioned resolution, in the manner therein specified.

" In testimony whereof," etc.

"OFFICE OF THE TONICA AND PETERSBURG R. R. Co.,
Jacksonville, Illinois, Oct. 24th, 1859.

" I, James Berdan, secretary of the Tonica and Petersburg Railroad Company, do hereby certify that, by resolution of the board of directors of said company, calls were made upon the sums subscribed to said capital stock of said company, requiring installments of ten per cent. thereof to be paid monthly, in each and every successive month, until the whole should be paid, and that said calls were duly published as required by the charter of said company; and I do further certify that the last installments of said calls have been due and payable by the terms of said calls, and of the publication aforesaid, for more than twelve months last past.

[SEAL.]  Given and certified under my hand and the seal of said company," etc.

The plaintiffs then offered in evidence the subscription upon which they relied to recover, as follows:

"; Tonica and Petersburg Railroad Company."

" We, the undersigned, agree to take the number of shares set opposite our respective names, in the capital stock of the Tonica and Petersburg Railroad Company."

All of which certificates and subscriptions, as they were severally presented, were objected to by the defendant, and the objection overruled, and the same admitted to the jury.

The plaintiffs then closed their case, and admitted the payment of ten dollars.

The plaintiffs then asked the following instructions which were given:

28

1. The court instructs the jury that under the issue in this case, plaintiff was only required to prove the incorporation of the company, and the defendant's promise to pay his stock subscribed, and the orders of the board of directors making the calls.

2. That the printed laws offered in testimony is proof of the corporate existence of plaintiffs, and of their right to sue, and that the certificate of the secretary is evidence of the organization of the company, and of the calls for stock.

3. And if the jury believe, from the testimony, that there is a corporation by the name of the " Tonica and Petersburg Railroad Company," and that said company was organized in pursuance of the charter of said company, and that defendant took and subscribed stock to said enterprise, and that calls for said stock have been made by the board of the company, then the jury will find for the plaintiffs.

The defendant then asked the following instructions, to wit:

1. That unless the plaintiffs have shown, from the evidence, that the said Tonica and Petersburg Railroad Company was, at the time of the commencement of this suit, a legally incorporated company, they will find for the defendant.

Which the court gave.

2. That unless the jury believe, from the evidence, that the said plaintiffs, since the 1st day of July, A. D. 1857, have been a legally established and organized body corporate and politic, as charged in the said plaintiffs' declaration, they will find for the defendant.

3. Unless the jury believe, from the evidence, that the subscription, sued on in this case, was executed on the 1st day of August, in the said plaintiffs' declaration, they will find for the defendant.

4. The jury are instructed that the calls on the said defendant must have been made before the plaintiffs could call upon the defendant to pay. Said calls must have been published in two newspapers along the line of the said railroad.

That a certificate of the publishers of such papers must be shown, stating the time when the first insertion was made, and the last insertion, accompanied with a copy of the calls so published.

5. That if the instrument set out in the declaration is charged in the said declaration to have been executed on the 1st day of August, A. D. 1857, and the one offered in evidence is without date, and no proof offered as to the execution of said subscription by said defendant, in such case the jury will find for the defendant.

Which last four instructions the court refused.

The defendant then offered this instruction:

That unless the plaintiff has shown, by the evidence, that calls have been made for the payment of installments before the commencement of this suit, as provided in section eleven of the charter of said company, they will find for the defendant.

Which the court modified by striking out the words " as provided in section eleven of the charter of said company," and gave it with such modification.

The defendant assigns the following errors, to wit:

1. The court erred in sustaining the demurrer to the 11th and 12th pleas.

2. The court erred in admitting improper evidence on the part of the plaintiff.

3. The court gave improper instructions to the jury.

4. The court refused proper instructions.

5. The court erred in refusing a new trial.

6. The court erred in rendering judgment against the defendant.

LYMAN LACY, and GOUDY & JUDD, for Appellant.

W. H. HERNDON, and T. P. COWAN, for Appellee.

CATON, C. J. Several of the errors in this case are well' assigned, but not all. The eleventh and twelfth pleas were bad, and the demurrer properly sustained to them. It was insisted that this demurrer should have been carried back to the declaration, and sustained to the first count, because it is supposed that that count is insufficient. The pleas professed to answer the whole declaration, and the demurrer to them, could not be sustained to the declaration if either of the counts were good. The third count was, beyond doubt, good, and hence the demurrer could not be sustained to the declaration. We think that the first count of the declaration was bad, and that the court erred in admitting the contract of subscription in evidence under it. The fifth section of the charter authorizes the board of directors to provide, by by-laws, for the construction of the road by divisions, " and in such case it may be lawful for the subscription of stock to be taken and subscribed for either of said divisions or for the whole of said road, as those taking and subscribing for the same may think proper." Now, this count describes the contract sued on as a general subscription, and not a subscription to any particular division. Nor indeed does the count show that the road had ever been divided into separate divisions by by-law of the board of directors. The call which, in this count, is averred to have been made, was, " that the subscribers to the capital stock to the third division"

should pay on the first day of October, etc. This call was not on the subscription set out in the count, and offered in evidence on the trial, and was not such as to render the defendant liable to pay that subscription. The count itself was bad, and the court erred in admitting the contract of subscription in evidence under it.

The fifteenth section of the charter makes the certificate of the secretary " evidence of the regular organization of said company under its charter, and of any act or order of the board of directors of said company." Under this law, we think the certificate of the secretary of the fact of organization sufficient proof of such fact, for the charter authorized him to certify to such fact; but in all other cases, his certificate, to be evidence, must be confined to acts or orders of the board of directors. His certificate of the fact that a call was made by order of the board of directors, is not made evidence of that fact, but he must give a copy of the order of the board of directors, and let the court judge whether it constituted a sufficient call. His first certificate does give a copy of the order passed by the board, calling for payment of the subscriptions to the third division of the road, and is sufficient evidence of such call; but as the action was on a general subscription, and not on a subscription to the third division, it was irrelevant, and did not tend to support the action.

This certificate also states the fact that notice of the call was published as required by the eleventh section of the charter. The publication could not be proved by the certificate of the secretary, but should have been proved by competent legal evidence, the same as any other fact.

The third certificate of the secretary is of the fact that a call was made for the payment of the general subscriptions to the road, but does not give a copy of the order of the board of directors making the call, and hence was improperly admitted as evidence of such call; and without competent and proper evidence of such call, no right of action accrued on the subscription.

We will add, that we are inclined to think that the averments of notice in the first and second counts are insufficient. The averments are, after stating the passage of the orders making the calls, " of which the said defendant then and there had notice." The eleventh section of the charter positively requires notice of the calls to be published for thirty days in two newspapers published in the vicinity of the road. We are inclined to think that this notice required by the charter, could not be dispensed with by giving actual notice to the subscriber. The third or common count was undoubtedly good.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*