JOHN A. CHESNUT

*v.*

WILLIAM A. PENNELL.

</div>

1. EVIDENCE—*proof of liability of corporation necessary to hold stockholder liable.* In a suit against a stockholder of an insurance company, based upon a decree against the company upon a policy of insurance and a loss by fire, for a certain sum, no recovery can be had without proof of the execution of such a policy as is described in the declaration, and of a loss by fire. The recitals in the decree of these facts are no evidence against the stockholder, who was no party to the suit in which it was rendered.

2. SAME — *decree evidence against parties only.* A decree against a corporation finding its liability and the amount of its indebtedness, is not admissible in evidence against a stockholder of such corporation who was no party to the decree, either actually or constructively.

3. PARTIES—*suit to close up insolvent corporation.* In proceedings under sec. 25 of the "Act concerning corporations," approved April 18, 1872, to dissolve or close up the business of corporations, etc., the stockholders are necessary parties.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

The first count of the declaration, as amended, is as follows, omitting the caption:

"William A. Pennell, who sues for the use of Albert H. Barber, plaintiff in this suit, by W. S. Coy and Frank J. Crawford, his attorneys, complains of John A. Chesnut, the defendant in this suit, who has been summoned, etc., of a plea that he render to the plaintiff the sum of $1000, which he owes to and unjustly detains from him.

"For that, whereas, prior to and on the first day of April, 1871, the Lamar Insurance Company of Chicago was a corporate body, created and existing for the purpose, and engaged in the business, among other things, of insuring houses, furniture, goods, buildings, and all other legal objects of insurance, against loss or damage by fire; that said corporation was created and organized under and by virtue of an act of the General Assembly of the State of Illinois, approved February 16, A. D. 1865, and entitled 'An act to incorporate the Lamar Insurance Company of Chicago, Illinois,' which act is hereby made a part of this declaration; that afterwards, by an act of the General Assembly of the State of Illinois, approved March 29, A. D. 1869, and entitled 'An act to amend an act entitled an act to incorporate the Lamar Insurance Company, Chicago, Illinois,' (which act is hereby referred to and made part of this declaration,) the charter of said corporation was amended, and new rights and privileges were thereby granted to said corporation, as will in said act appear; that said corporation, at said times and thereafter, continuously, until on or about the first day of May, 1871, accepted, exercised and enjoyed the various powers and privileges granted to said corporation by the said act of incorporation, and by the said act amendatory thereof, aforesaid, and held its principal office in the city of Chicago, in the State of Illinois, and continued to issue policies of insurance upon property, as aforesaid, in accordance with and by virtue of the said several acts; that upon the first day of April, A. D. 1871, the said corporation, for a valuable consideration received from said

plaintiff, duly issued and delivered to said plaintiff a policy of insurance, dated that day, numbered 9770, wherein and whereby the said corporation, by its president, who signed, and the secretary, who attested, said policy, did insure against loss or damage by fire to the amount of $2500, as follows, to-wit: $2500 on his four-story frame metal roof hotel building, then situated on lots 12 and 13, in block 12, of the original town of Normal, McLean county, Illinois, for one year.

"And the said corporation did, among other things in said policy, agree to make good to said plaintiff, his heirs, executors, administrators or assigns, all such immediate loss or damage, not exceeding the amount of $2500, for the interest of this plaintiff in the said property, as should happen to the said property by fire from the first day of April, A. D. 1871, at noon, to the first day of April, A. D. 1872, at noon, the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after due notice and proof of loss should be made by the assured, unless the property injured or destroyed should be replaced, or the company should give notice of their intention to rebuild or repair the damaged premises; that afterwards, on the 14th day of February, A. D. 1872, and while said policy of insurance was in full force, the said property described therein was totally destroyed by fire, and said loss or damage was not caused or occasioned by any of the causes or circumstances excepted against in said policy, nor by the act, procurement or fault of the plaintiff; that at the time of destruction of said property by fire, aforesaid, said plaintiff was the sole and exclusive owner thereof, and that said property was worth, in actual cash value, more than $2500; that immediately after said fire plaintiff caused the said company to be notified of said loss, and as soon thereafter as possible did file with said company proper proof thereof, according to the requirements contained in said policy of insurance; that the said corporation was, immediately after the 9th day of October, A. D. 1871, insolvent, and was wholly

unable to pay its creditors, and it was, on the 23d day of November, A. D. 1872, placed in the hands of a receiver, appointed by the Superior Court of Cook county, at the suit of judgment creditors of said company, upon a creditor's bill, and is still insolvent and in the hands of said receiver.

"And afterwards, such proceedings were had by virtue of said policy of insurance and said loss by fire, that a decree against said corporation and in favor of said plaintiff was rendered by the Superior Court of Cook county, Illinois, on the 25th day of November, A. D. 1876, for the sum of $3185, which said decree remains wholly due and unpaid and in full force; that there is now justly due and unpaid this plaintiff, upon said claim, in decree as aforesaid, the sum of, to-wit, $3185, with interest upon the unpaid balance of said decree from the date thereof, to-wit, from the 25th day of November, A. D. 1876; that the capital stock of said corporation was $5,000,000; that the whole amount of the capital of said corporation has never been paid in, and no certificate of such payment has been given or recorded, as required by the statute of Illinois, but, on the contrary, not more than twenty per cent of said capital stock subscribed has even been paid into said company; that on and after the day of said loss of plaintiff by fire, as aforesaid, and at the time of the accruing of plaintiff's said claim, and at the time of the insolvency of said company, and at the time of the recovery of said decree by this plaintiff, the defendant was, and still is, a corporator and stockholder in said corporation, and had subscribed for and owned ten shares of the capital stock thereof, at the price named, of $100 for each share, amounting to the sum of $1000.

"And the plaintiff avers, that a large portion of the purchase price of said shares of stock so bought and subscribed for by said defendant of said corporation, still remains due and unpaid from said defendant to said corporation, to-wit, the sum of $1000; that by virtue of the premises herein set forth, and in accordance with the statutes of the State of Illinois, the said defendant is individually liable to this plaintiff for the said

debt of the said corporation to this plaintiff, to an amount equal to the said amount of stock in said corporation owned and subscribed for by said defendant, to-wit, the amount $1000."

The second count varies slightly from the first, but no point is involved in that variation.

The defendant pleaded *nil debet, nul tiel record,* and the Statute of Limitation of five years, and a number of special pleas, to which demurrers were sustained.

The cause was submitted to the court without the intervention of a jury, and judgment was rendered in favor of the plaintiff for $800, and costs.

The plaintiff gave in evidence the following bond, executed by the defendant at the time of becoming a stockholder in the Lamar Insurance Company:

No. Bond, ⎱          The Lamar Insurance Company,
1645.    ⎰                Amount, $1000.

Capital stock $1,000,000, with liberty to increase to $5,000,000.

Organized February 15, 1865, under an act of the legislature, approved February 18, 1865.

Know all men by these presents, that for and in consideration of ten shares of the capital stock of the Lamar Insurance Company of Chicago, Illinois, received by me, I am held and firmly bound, and agree to pay the Lamar Insurance Company of Chicago the sum of $1000, in installments, as follows: five per cent thereof on receipt of stock certificate, five per cent thereof in three months from date hereof, five per cent in six months from date hereof, five per cent in nine months from date hereof,—the balance being subject to the call of the directors, as they may be instructed by the majority of the stockholders at any regular meeting.

*Chicago, March* 30, 1870.          J. A. Chesnut.

Signed and delivered in presence of ———.

Next, the plaintiff gave in evidence the charter of the Lamar Insurance Company. He next gave in evidence a decree of the Superior Court of Cook county in the cause entitled *" Edwin Burnham et al.* v. *The Lamar Insurance Company,*

decree on claim of William A. Pennell," which decree was rendered November 25, 1876, and recited that "comes William A. Pennell, by W. S. Coy and Frank J. Crawford, his solicitors, the Lamar Insurance Company, (George Chandler, receiver,) by Shufeldt & Westover, solicitors," and Pennell produced an order and mandate of the Supreme Court reversing the former decree disallowing his claim, and then proceeds: "This cause having now come on to be heard upon the bill of complaint and amended bill herein, and the several answers thereto, and replications and exhibits, proofs and evidence taken and to be heard in said cause and trial, as set down as above, and it appearing to the court this cause was an original action, begun on the 23d day of October, A. D. 1872, by Edwin Burnham and other creditors, against the Lamar Insurance Company and others, to discover assets of the said Lamar Insurance Company, and for the usual relief prayed for in ordinary creditors' bills, and that a summons was duly issued out of said court, and duly and properly served on said defendant, the Lamar Insurance Company, and it appeared and made answer to said bill; that afterwards, to-wit, on the 23d day of November, A. D. 1872, the several parties appearing, the court, being informed of all the facts, found that the capital stock of said Lamar Insurance Company had been impaired and diminished by the great fire of October 8 and 9, 1871, and that said Lamar Insurance Company had allowed an execution issued from a court of record for the payment of money, after demand for the payment of the same had been made by the officer having said execution to execute, to be returned 'no property found,' and that said Lamar Insurance Company had allowed said execution to remain unsatisfied for more than ten days after the payment of the same had been demanded by such officer." Then follows the granting relief, as prayed in said bill by Burnham, the appointment of George Chandler, receiver; that afterwards, to-wit, on the 31st day of October, 1873, the court further ordered that all persons having claims against the Lamar Insurance Company

or its property, present and prove the same before the special master within ninety days from the date of such order; that Pennell did, within ninety days after said order, duly present and make proof of his claim against the said Lamar Insurance Company, which claim was for $2500, and interest on the same at the rate of six per cent per annum from the 15th day of March, 1872, on account of loss by fire, under a policy issued to him on April 1st, 1871, "for one year, upon a building destroyed by fire upon the 14th day of February, A. D. 1872; and it is proven, and the court so finds from the exhibits, proofs and evidence in this case, that the Lamar Insurance Company did issue to said William A. Pennell, on the 1st day of April, A. D. 1871, its policy of insurance, in the sum of $2500, good for one year, on a certain building, and that the said William A. Pennell accepted said policy of insurance, and paid the premium on the same, and that afterwards, to-wit, on the 14th day of February, A. D. 1872, said building was destroyed by fire, and that said building, when so destroyed by fire, was of a value largely exceeding all of said Pennell's insurance on said building," wherefore it is by the court ordered, adjudged and decreed that the said William A. Pennell recover of and from the Lamar Insurance Company the said sum of $2500, being the amount of said policy heretofore mentioned, with interest on the said sum of $2500, at the rate of six per cent per annum, to be computed from the 1st day of May, A. D. 1872, until this date,—which interest, so computed, amounts to the sum of $685.

Defendant objected to the admission of this record in evidence. The objection was overruled, and the defendant excepted.

After this, plaintiff gave in evidence a certified copy of a decree of said Superior court in said cause of *Burnham et al.* v. *The Lamar Insurance Company et al.*, of date January 18, 1878, authorizing the receiver to first collect of and from all stockholders who had not paid the twenty per cent, to be paid in installments, the full amount necessary to make up their

payments, and to place them on an equality with those who had paid, then to make an assessment of twenty per cent on all the stock, being $20 on each share; that he call and collect the same, first, by a call for $15 on each share, and if the sum to be thus realized shall be sufficient to discharge all liabilities, including the costs and expenses, to surrender to the stockholders their obligations; if not sufficient, that he make further calls and collections, until sufficient shall be raised, making up deficiencies from solvent stockholders,—with proceeds, after paying costs, to pay to the complainants (Burnhams), or their solicitors, "and to all other creditors of the Lamar Insurance Company who shall come in and file their claims under this decree, *pro rata*, or share and share alike, until," etc.

The defendant objected to the reading of·this record in evidence, but the court overruled the objection, and the defendant excepted.

Plaintiff then offered in evidence certified copies of the judgment, executions and returns thereon, in favor of *Burnham* v. *The Lamar Insurance Company*, on which the bill in chancery and the decree and orders therein, above referred to, were based, to which the defendant objected, but the court overruled the objection, and the defendant excepted.

This was all the evidence offered by plaintiff.

The defendant then proved that there were several hundred other subscribers to the capital stock of said company who had not paid their stock subscriptions; that there were other creditors, to a large amount, who had proved their claims in the case of *Burnham* v. *The Lamar Insurance Company*. It was admitted that in the said chancery suit of *Burnham* v. *The Lamar Insurance Company*, said company was the only defendant; that process was only served on the officers of said company, of whom defendant was not one, and that defendant was a stockholder of said company; as shown by his stock note introduced in evidence, and has so continued to be; that he did not make any other subscription on the books of the company, or otherwise.

This was all the evidence in the case. The court found the issues for plaintiff, and rendered judgment against him for $800, and costs, to which he, at the time, excepted.

The errors assigned are—

1st. In sustaining demurrers to the 3d, 4th, 5th, 6th, 7th and 9th pleas.

2d. In admitting improper evidence.

3d. In finding the issues, and rendering judgment in favor of plaintiff against defendant.

Messrs. STUART, EDWARDS & BROWN, for the appellant.

Mr. W. S. COY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On an investigation of the present case, we have deemed it sufficient to pass upon but one of the points discussed in the briefs.

Plaintiff's right to recover is based solely upon a loss by fire, against which he was protected by a policy of insurance issued by the Lamar Insurance Company. There is, in this record, no proof of the execution of such a policy, and no proof of any loss by fire. It is, it is true, recited in the decree of the Superior Court of Cook county in the case of *Edwin Burnham et al.* v. *The Lamar Insurance Company,* a copy of which was read in evidence over the defendant's objection, that the Lamar Insurance Company issued to the present plaintiff, on the 1st day of April, A. D. 1871, its policy of insurance, in the sum of $2500, good for one year, on a certain building, etc., and that said building was destroyed by fire on the 14th day of February, 1872; but the present defendant was no party to the decree in that case, either actually or constructively, and so can not be bound by it.

We held in *Chandler* v. *Brown,* 77 Ill. 333, and in *Rowell* v. *Chandler,* 83 id. 288, that a decree like that of which a copy was here admitted in evidence, against the same insurance

company, was not binding upon stockholders of the corporation who were not parties to it; and that in proceedings under the 25th section of the "Act concerning corporations," approved April 18, 1872, in force July 1, 1872, to dissolve or close up the business of corporations, etc., the stockholders are necessary parties.

This, it would seem, is conclusive against the plaintiff's right to recover on the evidence in this record. The court erred in admitting the copy of the decree of the Superior Court of Cook county in evidence, and also in rendering judgment for the plaintiff.

The judgment is reversed and the cause remanded.

*Judgment reversed.*