## GEORGE N. BLACK

*v.*

## HELEN WOMER.

*Filed at Springfield September 30, 1881.*

1. PRACTICE—*amending declaration as to one defendant after demurrer sustained, equivalent to dismissal as to others.* Where the plaintiff, after a demurrer is sustained to his declaration against all the defendants, under leave to amend files a declaration against only one of the original defendants, this is equivalent to a dismissal of the suit as to the omitted defendants, which is allowable under the statute.

2. STOCKHOLDERS—*in insurance companies—sufficiency of proof for a recovery.* In· a suit by a party against a stockholder in an insurance company to enforce his individual liability for a loss by the plaintiff, it was admitted by stipulation that the plaintiff had recovered a judgment against the insurance company on its alleged liability upon a policy of insurance, as described in the declaration,·issued by the company to the·plaintiff as owner of the goods, against loss by fire, and that afterwards the same were destroyed by fire, the plaintiff then still owning the same: *Held,* that the admission was sufficient proof of the execution of the policy and of the loss.

3. SAME—*when proof of notice of loss not necessary.* In a suit against a stockholder of an insurance company to enforce his individual liability for a loss under a policy of insurance,·the admission of the loss by fire of the property insured renders proof that notice of that fact was given to the company wholly unnecessary, especially when judgment has been recovered against the company for the same loss.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This ·was an action of debt, brought in the circuit court, by Helen Womer against George N. Black, wherein it was sought to hold the defendant liable, as a corporator and stockholder in the Lamar Insurance Company, under a policy of insurance issued to the plaintiff by ·the said company. Upon a trial in the circuit court the plaintiff recovered. On appeal by the defendant to the Appellate Court for the Third District the judgment of the circuit court was affirmed. The defendant thereupon appealed to this court.

Messrs. STUART, EDWARDS & BROWN, for the appellant:

The rendition of judgment against one of several joint defendants in an action *ex contractu* is erroneous.

The judgment against the corporation on the policy is not evidence against the stockholder in a suit to make him liable, personally, for its payment. *Chesnut* v. *Pennell*, 92 Ill. 55.

Unless the judgment against the company shall be held as sufficient evidence, there can be no pretense of proof necessary for a recovery. There is no proof of notice, or of loss, rendered to the company,—no proof of the value of the property at the time of the loss, nor of the existence of the policy. The admission is only as to the allegations of the declaration in the suit against the company.

Messrs. McCLERNAND & KEYES, for the appellee:

The amendment of the declaration after the judgment sustaining a demurrer to it, by striking or leaving out the names of the other defendants, is to be considered a dismissal of the suit as to them.

The judgment against the company in favor of appellee, it being bankrupt, is evidence establishing *prima facie*, if not conclusively, the liability of appellant in this action to make good the judgment to the extent of the stock held by him in the company. *Slee* v. *Bloom*, 20 Johns. 684; *Moss* v. *Oakley*, 2 Hill, 267; *Belmont* v. *Coleman*, 21 N. Y. 101; *Moss* v. *McCulloch*, 7 Barb. 296; *Conklin* v. *Furman*, 57 id. 484; *Thayer* v. *Lithographic Co.* 108 Mass. 528; *Grund* v. *Tucker*, 5 Kan. 78; *Wilson* v. *Whitehouse*, 49 Me. 527; Peake's Ev. 68; 1 Phillips on Ev. 27.

In the broader view, stockholders of a corporation stand towards its creditors as partners conducting its business. *Mokelumne Co.* v. *Woodbury*, 14 Cal. 265; *Davidson* v. *Rankin*, 34 id. 503; *Harger* v. *McCullough*, 2 Denio, 119; *Marcy* v. *Clark*, 17 Mass. 330; *Southmayed* v. *Russ*, 3 Conn. 56; *Simonson* v. *Spenser*, 15 Wend. 548; *Todhunter* v. *Walters*, 20 Ind. 105.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This case comes to this court on the appeal of defendant from the Appellate Court for the Third District, the judges of that court having certified the cause involves questions of law of such importance, both on account of principal and collateral interests, as that it should be passed upon by the Supreme Court. It is an action of debt, and was originally brought against George N. Black, Erastus N. Bates, Henry H. Glidden and Rufus S. Lord. Service of process was had on all the defendants, and to the declaration filed against them, all of the defendants, except Glidden, filed a demurrer, which was, by the court, sustained. Leave was given to plaintiff to amend her declaration, which was done by filing an amended declaration against George N. Black, alone. That was equivalent to a dismissal of the suit as to all other defendants, which, under the provisions of our Practice act, is allowable. Defendant Black pleaded to the amended declaration, and thereafter the suit progressed against him alone, and the case was treated as at an end as to all other defendants after the sustaining of the demurrer to the declaration.

Elaborate arguments have been made as to the legal liability of defendant under the general law applicable to insurance companies, notwithstanding the provisions of the special charter of the company. in which defendant was a shareholder. Every question made in this case was made in, and fully discussed in, *Hendryx* v. *Spruance,* and *Gulliver* v. *Roelle, ante,* p. 141,—cases decided by this court since this cause was submitted in the Appellate Court, and determined adversely to the positions assumed by counsel for defendant. It would answer no useful purpose to renew that discussion, and reference may be made to the cases cited for an expression of the views of this court on the questions raised in the case at bar.

The case of *Chesnut* v. *Pennell,* 92 Ill. 55, is most confidently cited as conclusive as to the insufficiency of the

proof as to the damages alleged to have been sustained. In this case, as in the one cited, plaintiff's right to recover is based upon a loss by fire, against which she was insured by a policy in the Lamar Insurance Company, in which defendant was a corporator and stockholder. The decision in that case was placed on the ground there was no proof of the execution of such a policy, and no proof of loss by fire. All the evidence introduced in that case touching these essential facts was a decree of the Superior Court of Cook county, in which it was recited the company issued to plaintiff its policy in a stated sum, good for a definite period, and that the buildings insured were within that period destroyed by fire; but to that decree defendant was not a party, either actually or constructively, and so it was held he was not bound by the recitals contained in it. But the evidence found to be wanting in that case is supplied in the present case by the stipulation of the parties. Here, it is admitted plaintiff recovered a judgment, in the sum of $1500, against the insurance company, on the alleged liability of the company upon a policy of insurance of the date and number in the declaration mentioned, issued by the company to plaintiff, as owner of the articles of property described in the declaration, for a valuable consideration, against loss by fire, and afterwards, while plaintiff was still the owner, the same property was destroyed by fire. No more definite and certain proof of the execution of the policy or the loss by fire could reasonably be made; certainly nothing more would be required to satisfy the mind of the existence of those facts. The admission of the loss by fire of the articles of property insured, renders proof that notice of that fact was given to the company wholly unnecessary. It would be useless to prove the company had notice of a fact it never denied, but admitted on the record it was true.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*