Charles F. Ross, Receiver of the Western M. Mutual Ins. Co. v. The Knapp, Stout & Co. Company.

1. DEMURRER—*To the Common Counts.*—It is error to sustain a demurrer to the common counts, and for such error the judgment must be reversed.

2. STOCKHOLDER—*The Term Defined.*—A stockholder is one who is the holder or proprietor of stock in the public funds, or in the funds of a bank or other stock company. To be a stockholder of an incorporated company, is to be possessed of the evidence that the holder is the real owner of a certain undivided portion of the property, in actual or potential existence, held by the company in its name, as a unit, for the common benefit of all the owners of the entire capital stock of the company.

3. CORPORATIONS—*Trustees of the Stockholders.*—A corporation is a trustee for the stockholders. whose interest it is its duty to guard. The stockholders have nothing to do with the property itself, except to select persons to manage and control it.

4. MUTUAL INSURANCE COMPANIES—*When Policy Holders Are Not Necessary Parties — Assessments.* — The policy holders of a mutual

insurance company are bound by the proceedings of a court of equity appointing a receiver and assessing them, although they are not personally made parties to the proceedings, and have had their day in court.

5. The Superior Court of Cook County.—*A Court of Superior General Jurisdiction.*—The Superior Court of Cook County is a court of superior general jurisdiction, and its proceedings can not be attacked collaterally except for the want of jurisdiction.

6. Statutes—*Section 25 of the Act Concerning Corporations Does Not Apply to Mutual Fire Insurance Companies.*—Section 25 of the act entitled, "An Act Concerning Corporations," approved April 18, 1872, and in force July 1, 1872, does not apply to mutual fire insurance companies organized under the laws of this State.

Assumpsit, for assessments upon members of an insurance company. Trial in the Circuit Court of East St. Louis; the Hon. Benjamin H. Canby, Judge, presiding. Judgment for defendant on demurrer to declaration. Error by plaintiff. Heard in this court at the February term, 1898. Reversed and remanded. Opinion filed August 31, 1898.

## Statement.

The Northwestern German Mutual Fire Insurance Company, of North Chicago, was incorporated under a special act of the legislature of this State, approved March 30, 1869, which was expressly declared to be a public act, and took effect from and after its passage. (Private Laws of 1869, Vol. 2, 552.) Some time thereafter (but when or by what means is uncertain) its name became changed to "Western Manufacturers Mutual Insurance Company."

Section 2 of the charter is as follows: 2. "All persons who shall at any time be insured in this company, shall be members thereof during the continuance in fact of their respective policies, and no longer, and shall at all times be bound by the provisions of this act, and the by-laws and the regulations of said company."

Section 5 of the charter provides: "Premium notes may be received from the insured, which shall be paid at such time or times, and in such sum or sums, as the directors shall require for the payment of losses and expenses."

Sections 6 and 7 of the charter are as follows:

6. "The directors of said company may levy an assessment upon the premium notes of policy holders at any time

they may deem it necessary, for the payment of losses and expenses that may arise."

7. "The members of this company shall be and are, bound to pay their share, in proportion to their amount of insurance, for all losses and expenses happening and accruing during the time for which their policies were issued, to the amount of their premium notes."

During the period commencing May 21, 1894, and ending May 21, 1895, the insurance company issued to defendant in error five policies, each containing a clause as follows: "The insured heretofore named, by accepting this policy, thereby becomes a member of this company, and agrees to pay it, in addition to the premium, such sum or sums, in no event to exceed in the aggregate three times the amount of said premium, at such time or times, in such manner and by such installments, as the directors of this company shall assess and order, pursuant to its charter and by-laws and the laws of the State of Illinois."

Myron H. Beach recovered a judgment against the company in the Superior Court of Cook County, and on the 30th day of December, 1895, he filed a creditor's bill in the same court, on behalf of himself and all the other creditors of the company, making the company only, a defendant thereto, and on the same date plaintiff in error was duly appointed receiver of said company, and on the following day he qualified and entered upon the duties of his office, and afterward filed an inventory of the assets and liabilities of the company, with a petition, showing the necessity for making an assessment upon the members of the company of the sum of $72,000, to pay its liabilities.

Upon a hearing, the court found the total membership liability to the company on the policies issued to them, to be $86,666.84, and that these liabilities constituted the entire available assets of the company; and the court directed the receiver to make an assessment, as prayed for in the petition, which was done, and the assessment was approved, and the receiver directed to notify the individual members of their respective assessments, and to make a demand there-

for, and to proceed and collect the amount assessed against each.

The aggregate amount assessed against defendant in error was $1,332.60 on its five policies and premium notes, to recover which this action was brought.

C. W. GREENFIELD, attorney for plaintiff in error.

The court will take judicial notice of a special charter of a corporation, which, by its terms, is made a public act. People ex rel. v. Hydraulic Co., 115 Ill. 281, 288.

The expression of one thing or one mode of action is an exclusion of all other things or modes. Gaddis v. Richland Co., 92 Ill. 119, 124.

Section 25 of the general incorporation act does not apply to corporations organized under special charter prior to the passage of that act. Wincock v. Turpin, 96 Ill. 135, 144; Union Ins. Co. v. Stone Mfg. Co., 97 Ill. 537, 545; Stevens v. Pratt, 101 Ill. 206, 219.

An assessment made by decree of court in a case to which the corporation is made party defendant and brought into court, can not be collaterally attacked. Lycoming F. I. Co. v. Langley, 62 Md. 211; Hawkins v. Glen, 131 U. S. 319; Rand, McN. & Co. v. Mut. F. I. Co., 58 Ill. App. 52 8; Parker, Receiver, v. Stoughton Mill Co., 64 N. W. Rep. 751; Great Western Telegraph Co. v. Purdy, 162 U. S. 329; Parker, Receiver, v. Central Ohio Paper Co., 3 Ohio Legal News, 205; In re Commercial Ins. Co., 36 Atl. Rep. 930; Langworthy, Rec., v. Nelson Lbr. Co., Vol. 14 Nat. Corp. Rep. 212; Mutual Fire Insurance Company v. Phœnix Fur. Co., 66 N. W. Rep. 1095; Thompson Lumber Co. v. Mutual Fire Insurance Company, 66 Ill. App. 254; Mallen v. Langworthy, Receiver, 70 Ill. App. 376; Morris v. Insurance Company, 63 Minn. 420; Taylor v. North Star Insurance Company, 46 Minn. 198; Cap. City M. F. I. Co. v. Boggs, 33 Atl. Rep. 349; Eichman v. Hersker, 33 Atl. Rep. 229; Great Western Telegraph Co. v. Gray, 122 Ill. 630; Ward v. Farwell, 97 Ill. 593; Glenn v. Liggett, 135 U. S. 533; Sanger v. Upton, 91 U. S. 56; Smith v. Hopkins, 38 Pac. Rep. 854.

A general demurrer to declaration containing common counts must be overruled. Barber v. Whitney, 29 Ill. 439.

WISE & McNULTY, attorneys for defendant in error.

The charter of this company was granted on the 30th day of March, 1869. It was then named the Northwestern German Mutual Fire Insurance Company. The declaration avers that its name was afterward changed to the Western Manufacturers' Mutual Insurance Company. The declaration does not allege the date. We know the present Constitution was adopted in 1870, and no session of the legislature was held after the charter was granted until after the present constitution became the fundamental law of the land, and under it no private act could be obtained to change the name; consequently, in order to have made the change of name, it must have been done under the general incorporation act as amended in March, 1872, or as it was subsequently amended. By so doing did it make itself amenable to the provision of the general incorporation act, of which that was only a part? It was so held where an insurance company, created by special charter, increased its capital stock under the general law. Tibballs v. Libby, 87 Ill. 142.

A member of a mutual insurance company occupies, so far as his liability is concerned, a position similar to a stockholder in a stock company, except that his liabilities will continue as long as a member, while in most companies the stockholder's liability ceases upon the payment of his stock. In order to make a valid assessment against the stockholder, under section 25 of the incorporation act, he must be made a party to the proceeding. Chandler v. Brown, 77 Ill. 333; Chandler v. Dore, 84 Ill. 275; Chestnut v. Pennell, 92 Ill. 55; Lamar Ins. Co. v. Gulick, 102 Ill. 45; Farwell v. Great West. Tel. Co., 161 Ill. 522.

The charter was granted March 30, 1869, and section 15 of the charter provides that " nothing herein contained shall be construed as to * * * exempt said company from the operation of such general laws as may hereafter be

passed upon the subject of insurance companies." The "act to incorporate and govern fire, marine and inland navigation insurance companies, doing business in the State of Illinois," was in force July 1, 1869. Section 19 of said act provided that "all insurance companies heretofore organized in the State of Illinois, and now doing business in this State, are hereby brought under the provisions of this act." The effect of the passage of the act was to amend the charter of said insurance company so as to make such charter conform to its provisions. Butler v. Walker, 80 Ill. 345; Gulliver v. Roelle, 100 Ill. 141; Weidenger v. Spruance, 101 Ill. 278; Shufeldt v. Carver, 8 Ill. App. 545; Fogg v. Sidwell, 8 Ill. App. 551; O'Connor v. Morris, 9 Ill. App. 415; Felix v. Denton, 9 Ill. App. 478.

The insurance act was amended July 1, 1874, by providing the manner of dissolving insurance companies. This statute is constitutional. Republic Life Ins. Co. v. Swigert, 135 Ill. 150; Ward v. Farwell, 97 Ill. 593; Chicago Life Ins. Co. v. Auditor, 101 Ill. 82.

And is a valid exercise of legislative power. Chicago Mut. L. I. Ass'n v. Hunt, Atty. Gen., 127 Ill. 257.

It was the object of the Constitution of 1870 to have enacted only general laws, and the insurance act of 1869 was retained in the subsequent revision of the statutes and has, with the amendments to the same, ever since been the uniform law regulating insurance companies in this State.

After the passage of the amendment to the insurance act in regard to the dissolution of insurance companies, the remedies provided by that act were exclusive. Richardson v. Akin, 87 Ill. 138; Harper v. Union Mfg. Co., 100 Ill. 231.

The same act, in section five, provided a remedy for a creditor of the company; it was exclusive. Biggins v. People, 96 Ill. 481.

The legislature had the right to change the remedy. Chicago L. I. Co. v. Auditor, 101 Ill. 82; Chicago L. I. Co. v. Needles, 113 U. S. 574.

For a creditor of an insurance company to proceed against an insolvent insurance company, and its stockholders

or members, if a mutual company, there are two ways—two remedies provided by the statute; first, under section 25 of the corporation act; second, under the insurance act. The first requires all members and stockholders to be made parties, in order to make a valid assessment against them. The second requires the State auditor to commence the proceedings, and the court to determine, in such proceeding, that the company is insolvent, and have a receiver appointed; after which a creditor may, on application in the same suit, have an assessment made. These statutory remedies are full and complete; are exclusive; the maxim *expressio unius est exclusio alterius* governs.

MR. JUSTICE BIGELOW delivered the opinion of the court.

The declaration contains seven special counts on the decree of assessment, and also the common counts, and to it, and to each count, defendant demurred; the court sustained the demurrer and dismissed the case.

That the court erred in sustaining the demurrer to the common counts, and that for the error in doing so the judgment must be reversed, is conceded by defendant in error; but it is claimed that the error was unintentional, and as counsel on both sides earnestly request us to pass upon the demurrer to the special counts, we have concluded to do so.

The only question presented for our consideration is—is defendant in error bound by the decree appointing a receiver, and the subsequent proceedings, in making an assessment of the policy holders, to pay the liabilities of the insurance company ?

The contention of counsel for defendant in error is, that the entire proceedings are void, and hence no action can be maintained upon them. To sustain this contention, it is urged that there are but two methods of procedure by which the policy holders can be legally assessed to pay the debts of the insurance company. One is, by petition in chancery by the auditor of State, under a law entitled "An act in regard to the dissolution of insurance companies, approved

February 17, 1874," in force July 1, 1874 (Hurd's R. S. 1897, 916).

The other is by proceedings in equity, commenced and conducted under and in accordance with the provisions of section 25 of the general corporation act (Hurd's R. S. 1897, 425).

The first section of the act of 1874 is as follows: "That if the auditor of State, upon examination of any insurance company incorporated in this State, is of the opinion that it is insolvent, or that its condition is such as to render its further continuance in business hazardous to the insured therein, or to the public, or that it has failed to comply with the rules, restrictions or conditions provided by law, or has exceeded or is exceeding its corporate powers, he shall apply by petition to a judge of any Circuit Court of this State, to issue an injunction, restraining such company, in whole or in part, from further proceeding with its business until a full hearing can be had, or otherwise as he may direct. * * * He may, in all such cases, make such orders and decrees from time to time, as the exigencies and equities of the case may require, and in any case, after a full hearing of all parties interested, may dissolve, modify or perpetuate such injunction, and make all such orders and decrees as may be needful to suspend, restrain or prohibit the further continuance of the business of the company."

Section 5 of the act provides for the appointment of a receiver of the company, upon certain contingencies, but no provision is made whereby a creditor of the company can require the State auditor to initiate proceedings against a company, and whether the auditor shall act or not, seems to be left to his discretion. Evidently the purpose of the law was, to give the auditor supervisory control of insurance companies, organized under the laws of this State, upon the assumed ground that the business of insurance is of a public nature, and the State should see to it that none but solvent, reliable, law-abiding insurance companies should be allowed to do business in the State, and that all others having their origin here should be exterminated.

It was not intended that the State should run the business of insurance, or become a collecting agency for creditors of insurance companies; but if, in protecting the public from being defrauded by them, such creditors are aided in securing their just claims, the aid is merely incidental to the main purpose of the law.

So far as appears from the pleadings in this case, the insurance company is not insolvent, and we can not assume that it has done, or omitted to do, anything that would require the State auditor to institute proceedings to dissolve it. Since, then, a judgment creditor of the company can not, under the act of 1874, initiate proceedings against it, or require the auditor to do so, it can not, in our opinion, be held that the act provided a certain method by which the judgment creditor, in this case, could have collected his judgment.

As to the other method of procedure, so much of Sec. 25 of the act as is necessary to be considered is as follows:

25. " If any corporation or its authorized agents shall do, or refrain from doing any act which shall subject it to a forfeiture of its charter, or corporate powers, or shall allow any execution or decree of any court of record for a payment of money after demand made by the officer, to be returned ' no property found,' or to remain unsatisfied for not less than ten days after such demand, or shall dissolve or cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suit; and each stockholder may be required to pay his *pro rata* share of such debts or liabilities, to the extent of his unpaid portion of his stock, after exhausting the assets of such corporation. And if any stockholder shall not have property enough to satisfy his portion of such debts or liabilities, then the amount shall be divided equally among all the remaining solvent stockholders. And courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor,

who shall have authority  \*  \*  \*  to sue in all courts, and do all things necessary to closing up its affairs as commanded by the decree of such court."

The definition of "stockholder" as given by Webster is, "one who is the holder or proprietor of stock in the public funds, or in the funds of a bank or other stock company." To be a stockholder of an incorporated company, is to be possessed of the evidence that the holder is the real owner of a certain undivided portion of the property, in actual or potential existence, held by the company in its name, as a unit, for the common benefit of all the owners of the entire capital stock of the company.

The corporation created by law is thus a trustee of the stockholders, whose interest it is its duty to guard, and the stockholders have nothing to do with the property itself, except to select persons to manage and control it.

It is clear that defendant in error is not a stockholder of the insurance company, because the company has no capital stock; but when its property became insured by the insurance company, it, by virtue of section 2 of the charter of the latter, became a member of the insurance company, and that is all that it ever was.

But it is contended that the further language of said section 25 to wit, "or liable in any way for the debts of the corporation," embraces policy holders of mutual insurance companies, and hence defendant in error was a necessary party to the proceedings for the appointment of a receiver for the company. There might be force in the contention, were it not for the following language in the same sentence, viz., "and each stockholder may be required to pay his *pro rata* share of such debts or liabilities to the extent of the unpaid portion of his stock, after exhausting the assets of the corporation," which leaves little, if any, doubt that the legislative intent was to embrace stockholders only of companies having a capital stock. Any other construction put upon the language of the section would, in our opinion, be forced and unnatural, and should not be resorted to.

Another reason why the view already expressed is the true view to take of the intent of the section, is the well known fact that stockholders of corporations are usually not a numerous body of persons, and commonly reside at or near the place where the company is located, and hence can be easily reached by process of the courts, while policy holders of a mutual insurance company are usually a numerous class of persons, and widely scattered, many residing in different States, and to require them to be severally made parties to the proceedings to collect a debt from the company, or even for the purpose of winding it up, would be to require an impossibility, since there is no way by which non-residents can be brought into court, and personal judgments or decrees rendered against them, without actual service of process upon them, within the confines of this State.

The cases relied upon to support the view that policy holders of a mutual insurance company can not be bound by the proceedings of a court of equity, appointing a receiver and assessing them, unless they are personally made parties to the proceedings, and so have had their "day in court," are Chandler v. Brown, 77 Ill. 333; Chandler v. Dore, 84 Ill. 275; Chestnut v. Pennell, 92 Ill. 55; Lamar Ins. Co. v. Gulich, 102 Ill. 41; and Farwell v. Great Western Telegraph Co., 161 Ill. 532. Chandler v. Brown was a case unlike the case we are considering, as the Lamar Insurance Co., of which Chandler was the receiver, was a stock company, and the proceedings were admittedly begun under the twenty-fifth section of the corporation act. The company was by decree declared to be insolvent, and "its affairs were ordered to be adjusted and closed up," while in this case the company was not insolvent, and the proceedings were not begun for the purpose of winding it up, but the bill was simply a creditor's bill, brought under section 49 of the chancery act, and all it sought was that the court of chancery should assess the premium notes of the policy holders, which the directors of the company had neglected to do as required by section 6 of the charter of the company. Chandler v. Dore is

exactly like Chandler v. Brown. The points decided in Chestnut v. Pennell are that a decree against an insurance company for a fire loss is not evidence in an action against a stockholder of the company for the same loss, and again reiterates the points decided in Chandler v. Brown. Lamar Insurance Co. v. Gulich was a case brought by the insurance company for the use of its receiver on a note or bond given by Gulich to the insurance company for ten shares of its stock, and it was held that the case was governed by Chandler v. Brown.

In the case of Wincock v. Turpin, 96 Ill. 135, the court, in referring to section 25 of the corporation act, said, " but that section only applies to corporations organized under that chapter. It does not apply to or embrace bodies created by special charter."

In the case of Great Western Telegraph Company v. Gray, 122 Ill. 630, the court, in referring to the case of Chandler v. Brown, said : " The decision was one merely upon that section 25—what it provided—and is not to be taken as authority to govern in any other case than in one arising under that section. There was no purpose to depart from the well established. general rule, that a court acquires jurisdiction to appoint a receiver of corporate assets by service of process upon the corporation. The stockholder is represented in his interest as such, by the presence of the corporation." Citing Morawetz on Corp., Sec. 822; Ward v. Farwell, 97 Ill. 593; Sanger v. Upton, 91 U. S. 56.

In Farwell v. Great Western Telegraph Co., *supra*, the court reviewed the Gray case, and held that the court had been deceived in deciding the case upon an alleged state of facts that had no existence; but as we understand the court the Gray case was properly decided; if the facts had been as alleged in the declaration—or, otherwise stated, if, in the Gray case, the proceedings for the appointment of a receiver and an assessment of the stockholders had been commenced before the enactment of the general incorporation act of 1872, the demurrer to the declaration or the assessment should have been overruled, notwithstanding the stock-

holders were made parties to the proceedings under which the receiver was appointed and the assessment made.

In view of what was said in the Farwell case, we are inclined to the opinion, that, in cases begun since July 1, 1872, the method provided by section 25 of the general corporation act, for appointing a receiver and assessing the stockholders of a corporation, organized for a pecuniary profit and possessed of a capital stock, supersedes all other methods excepting the proceeding authorized to be commenced by the State auditor against insurance companies; but we find it unnecessary in disposing of this case, to adjudge that question.

The Superior Court of Cook County is a court of superior general jurisdiction, and its proceedings can not be attacked collaterally except for the entire lack of jurisdiction, and we hold that section 25 of the general corporation act, entitled "An Act Concerning Corporations," approved April 18, 1872, and in force July 1, 1872, does not apply to mutual fire insurance companies organized under the laws of this State, and that the proceedings of the Superior Court of Cook County, in appointing a receiver and making the assessment of defendant in error, as declared on in this case, are valid, and that the court erred in sustaining the demurrer to the declaration and dismissing the case.

The judgment of the court is reversed and the cause remanded.