## Valentine Wolf, James H. Maupin and Robert Curdie, Partners, etc., v. The City of Alton.

1. PRACTICE—*Demurrer to Declaration Containing One Good Count.*—A general demurrer can not be sustained to a declaration which contains one good count.

2. SAME—*Where the Record Will Not Support a Judgment on the Merits of the Case.*—Where the trial court has sustained a demurrer to the whole declaration, containing one good count, the court can not pass on the merits of the case. The errors assigned constitute the pleading in this court, and limit the scope of the appeal, and a judgment upon the merits would bind neither the parties to the suit nor the trial court.

Assumpsit.—Appeal from the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the August term, 1902. Reversed and remanded. Opinion filed September 11, 1902.

LEVI DAVIS, attorney for appellants.

ALEX. W. HOPE and B. J. O'NEILL, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of Madison County, by appellants against appellee.

The declaration consists of two counts; the first a special count upon an express contract, and the second a common count for money paid and expended by the plaintiffs for the use of the defendant at defendant's request. To this declaration appellee, defendant, interposed a demurrer both general and special, which the court sustained as a general demurrer. Appellants excepted and elected to stand by their declaration, and thereupon the court rendered judgment against appellants for costs. Appellants duly excepted and bring the case to this court by appeal.

Without reference to any of the questions raised as to the sufficiency of the first or special count, this case must be reversed, for no objection has been pointed out and none can be taken to the second count. It is in all respects good and sufficient.

"No doctrine has been longer settled or more constantly adhered to by this court than that a general demurrer can not be sustained to a declaration which contains one good count." Lusk v. Cook, Beecher's Breese, page 84; Cowles et al. v. Litchfield, 2 Scam. 356; Israel v. Reynolds, 11 Ill. 218; Governor v. Ridgeway, 12 Ill. 14; Anderson et al. v. Richards et al., 22 Ill. 217; Tomlin v. T. & P. R. R. Co., 23 Ill. 429; Barber v. Whitney et al., 29 Ill. 439; Nickerson et al. v. Sheldon, 33 Ill. 372; Reece et al. v. Smith, 94 Ill. 362.

Counsel for appellee insist that we pass upon the "merits of this case." This we are powerless to do. The state of the record will not support such judgment. In Ross v. Knapp, Stout & Co., 77 Ill. App. 424, the state of the record was the same as in this case, and counsel upon both sides earnestly requested us to pass upon the demurrer as to the special counts—to pass upon the merits of the case, and we undertook to do so. An appeal was taken from our decision to the Supreme Court, and that court declined to consider the merits of the case, contenting itself with deciding, as it had previously done in a number of cases, some of which are cited above, that the trial court erred in sustaining the demurrer to the whole declaration.

It is apparent that a judgment here, affirming this case

upon the present state of the record, could not stand, and a judgment reversing the case can not be broader than the errors assigned upon the record. These are: " The court erred in sustaining the demurrer to the declaration " (as a whole). " The court erred in rendering judgment against appellants for the costs of suit." The errors assigned constitute the pleading in this court, the declaration, upon which the appeal is based, and limit the scope of the appeal. The Appellate Court has no power to pass upon questions not involved, and thereby bind either the parties to the suit or the trial court.

For the errors of the trial court in sustaining the demurrer to the declaration as a whole, and for rendering judgment against appellants for costs, the judgment is reversed and the cause remanded to the Circuit Court of Madison County for such other and further proceedings as to law and justice shall appertain.

The judgment of the Circuit Court is reversed and the cause remanded.