George Chandler

*v.*

Joshua Brown.

1. Corporation—*decree closing its business and appointing receiver, not binding on stockholder not made a party.* A decree for closing up the affairs of a corporation on the ground of insolvency, and the appointment of a receiver, in a suit brought under the 25th section of the "act con-

cerning corporations," approved April 18, 1872, is not binding upon any stockholder not made a party to the suit.

2. SAME—*right of receiver to sue stockholder for unpaid subscription.* In a suit by a receiver of an insolvent corporation against a stockholder, to recover unpaid subscription, the plaintiff must show clearly a legal right to institute and carry on the same, and to this end he must show his appointment by a decree which is conclusive against the defendant, and the decree will not have this effect unless the defendant was a party to the suit against the corporation.

3. SAME—*decree giving receiver discretionary powers.* A decree against an insolvent corporation, closing up its affairs and appointing a receiver, which authorizes the latter to compromise, in his discretion, with stockholders with regard to the payment of their subscriptions, is erroneous, especially so when all the stockholders are not parties to the proceeding. Each stockholder has a vested right in the contract for subscription of every other stockholder.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. GAPEN & EWING, for the appellant.

Messrs. WILLIAMS, BURR & CAPEN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of assumpsit, by appellant, as receiver of the Lamar Insurance Company, against appellee, to recover the balance remaining unpaid on his subscription to the capital stock of that company.

The declaration, after amendment, was composed of eight counts, but appellant subsequently entered a *nolle prosequi* to all but the first and second counts, and to these appellee demurred. The court sustained the demurrer, and the only question raised by this appeal is, was the demurrer properly sustained.

So far as it is necessary to notice the allegations in these counts, they are the same.

It is, among other things, alleged that the company did acts authorizing a forfeiture, by permitting execution to be re-

turned no property found, and by allowing executions to remain unpaid for more than ten days after demand, and that it did practically dissolve, leaving debts unpaid; that afterwards, the company being unable to meet its liabilities, certain persons, composing a firm, filed a bill, as well in their own behalf as in behalf of all other creditors of the company, against the company and others, in the Superior Court of Cook county, in which proceeding the court acquired jurisdiction of the company; that in said case the company was declared insolvent, its affairs ordered to be adjusted and closed up, and the plaintiff was appointed receiver of the estate of the company, in conformity with law, and was duly invested and clothed with all the property, assets, effects, rights, privileges and powers of said company; that plaintiff gave bond as receiver, and the company conveyed to him the money, property, assets and effects of the company, including the stock, bond or contract executed and delivered by the defendant to the company.

And a subsequent order of the Superior Court of Cook county is then recited, authorizing the plaintiff to collect, from all who had not paid 20 per cent on their subscription, the deficiency, so that all should be equal. and directing plaintiff to levy 20 per cent more on the stock, and give notice of such assessment by publishing a notice in a newspaper published in Chicago, and mail a notice to each stockholder; that he first make a call of 15 per cent, and if that be sufficient, on its payment, to surrender the obligation of the stockholders; and if it be not sufficient, that he make further calls until he secure sufficient for that purpose; that if any stockholders prove insolvent, the deficiency be made up by dividing the sum among the solvent stockholders, and providing that the assessments of the plaintiff, when made, be valid, and authorizing him to sue for and collect the same under the statute. It is further alleged that he published a notice of the assessment in a newspaper published in Chicago.

And a further order of the Superior Court of Cook county is recited, wherein it is said that the time for settlement allowed the plaintiff, has expired; that a large number of the stockholders are willing to settle on just and equitable terms; that others refuse to pay, either under the assessment or in any other way, and that the assessment of 20 per cent was made for the purpose of equalizing the burdens, etc. And it is then ordered that all settlements made be ratified, and that the plaintiff be empowered to settle with others for such sums as he may deem equitable, and to surrender their obligations, etc. But in case plaintiff has to sue, he shall sue for and collect the entire amount unpaid on the stock, etc.

It seems to be conceded these proceedings were had under the 25th section of the "act concerning corporations," approved April 18, 1872, and in force July 1st, 1872, by which it is enacted as follows: "If any corporation, or its authorized agents, shall do or refrain from doing any act which shall subject it to a forfeiture of its charter or corporate powers, or shall allow any execution or decree of any court of record for a payment of money, after demand made by the officer, to be returned "no property found," or to remain unsatisfied for not less than ten days after such demand, or shall dissolve or cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suit, and each stockholder may be required to pay his *pro rata* share of such debts or liabilities to the extent of the unpaid portion of his stock, after exhausting the assets of such corporation. And if any stockholder shall not have property enough to satisfy his portion of such debts or liabilities, then the amount shall be divided equally among all the remaining solvent stockholders; and courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor, who shall have authority, by the name of the receiver of such corporation (giving the

name), to sue in all courts and do all things necessary to closing up its affairs, as commanded by the decree of such court." 2 Gross, 106, § 34.

It can hardly admit of argument that, to conclude a stockholder by a proceeding under this section, it is indispensable that he shall have been made a party thereto, as it provides. He has a substantial interest therein, and is entitled to his "day in court."

It is incumbent on the plaintiff to show clearly a legal right to institute and carry on the suit. To this end he should show his appointment by a decree which is conclusive as against the defendant. This he has failed to do. It nowhere appears, either by the recitals in the decree copied in the several counts, or by distinct averment, that the defendant was a party to this proceeding.

The decree is, in our opinion, objectionable, also, in assuming to confer upon the plaintiff discretionary powers to compromise with the stockholders with regard to the payment of the subscription. Each stockholder has a vested right in the contract for subscription of every other stockholder, and we think it beyond the power of a court of equity to invest any person with a discretionary right to release it; at all events, it can not be done by a decree to which the stockholders were not parties.

We see no error in the ruling of the court below, and its judgment will be affirmed.

,*Judgment affirmed.*