THE LAMAR INSURANCE COMPANY

*v.*

E. GULICK.

*Filed at Ottawa January 18, 1882—Rehearing denied March Term, 1882.*

DECREE—PARTIES—*person not concluded when not a party.* A stockholder in an insolvent insurance company is not liable to an action on an assessment made on his stock notes by the court in a proceeding by the creditors against the company in which a receiver is appointed, on the petition of the receiver and creditors, where he is not made a party to either proceeding. Such an assessment is not binding on him.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SHUFELDT & WESTOVER, for the plaintiff in error:

1. The bill filed in the chancery court by Edwin R. Burnham and other judgment creditors of the corporation, in behalf of the complainants therein and all other creditors of the corporation, against the corporation and its officers, to discover the assets of the corporation, and apply them in payment of its debts, was a proper proceeding, recognized and approved by courts of chancery, irrespective of statutory regulations. 2 Barbour's Ch. Pr. 154; *Edmeston* v. *Lyde,* 1 Paige, 636; *Brinkerhoff* v. *Brown,* 6 Johns. Ch. 151; *Adler* v. *Milwaukee Brick Co.* 13 Wis. 70; *Ward* v. *Griswoldville Mfg. Co.* 16 Conn. 593; *Pennell* v. *Lamar Ins. Co.* 73 Ill. 303.

2. The appointment of a receiver of the effects of the corporation defendant in said cause, was the proper course, as adopted and followed by all courts of equity. *Adler* v. *Milwaukee Brick Co.* 13 Wis. 70.

3. There being no other assets, and the debts of the corporation rendering it necessary, the receiver can enforce the liability of the stockholders to the corporation upon their stock subscriptions, in some proper proceeding, to an amount, at least, to be ascertained in equity, sufficient to discharge the *bona fide* debts of the corporation. Charter of the company, secs. 12 and 16; *Ward* v. *Griswoldville Mfg. Co.* 16 Conn. 593; *Sanger* v. *Upton,* 91 U. S. 56; *Adler* v. *Milwaukee Brick Co. supra,* and cases cited in argument.

4. Though ordinarily, in a proceeding to assess the unpaid stock of an insolvent corporation for the payment of the company's debts, all the stockholders being directly interested persons, should perhaps be made parties to the proceeding; nevertheless, when the parties are very numerous, or it is

otherwise impracticable to bring them into court, the ends of justice shall not be defeated by reason thereof, but the cause shall proceed in such manner as the court shall consider will protect the rights of all interested. *City of London* v. *Richmond*, 2 Vern. 421; *Menx* v. *Maltby*, 1 Swanst. 280; *Van-Vechlin* v. *Terry*, 2 Johns. Ch. 197; *Shaw* v. *Norfolk Co. R. R.* 5 Gray, 170; *Pettibone* v. *McGraw*, 6 Mich. 441; *Mandeville* v. *Riggs*, 2 Peters, 484; *Sawyer* v. *Upton*, 91 U. S. 56.

Mr. W. B. CUNNINGHAM, for the defendant in error:

There is but one defendant, and he has not been legally brought into court. Again, this action at law is based upon the decree of the Superior Court of Cook county, in a proceeding to which this defendant was no party, and he can not be affected by it.

The publication of the order in chancery was a clear attempt to get jurisdiction without legal service, and without making them parties. When money to a large amount is to be taken from citizens, they must be in court according to law. *Chandler* v. *Brown*, 77 Ill. 336; *Morgan* v. *New York and Albany R. R. Co.* 10 Paige, 290.

An account should have been taken of the assets and of the debts, and the amount of unpaid capital due from each shareholder, in order that they might be made equally liable. This can only be done by bill in equity, filed in behalf of all the creditors of the corporation, making the delinquent stockholders parties. *Mann* v. *Pentz*, 3 Conn. 415; *Chase* v. *Grant*, and *Dummer* v. *Wood*, in same case cited; *Stuyvesant* v. *Hall*, 1 Barb. Ch. Pr. 157.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This case comes to this court on a writ of error to the Appellate Court for the First District, a majority of the judges of that court having certified the case in their opinion involves questions of law of such importance, on account of

collateral interests, it should be passed upon by the Supreme Court.

It is an action of assumpsit on a stock note or bond, given by defendant to the Lamar Insurance Company, for ten shares of stock in that company. The suit is brought in the name of the insurance company, for the use of the receiver. In the declaration the note or bond is set out *in hæc verba*, and it is then averred, by way of recitals, that various install-ments, amounting to twenty per cent of the note, had been paid; that the corporation became insolvent, and in 1872 a receiver was appointed to take charge of its effects, by the Superior Court, on a bill filed by creditors to discover assets; that in 1878 the receiver had exhausted all assets in paying debts, except stock subscriptions, and still $100,000 of debts remained unpaid, and that the receiver and complainants in the creditors' suit presented to the court in which that suit was instituted, a petition for an assessment upon the unpaid stock subscriptions, for the purpose of paying the existing indebtedness of the company. It is then further averred such proceedings were had on such petition, the court determined the proper sum to be assessed was $40 per share of such stock, and the receiver was authorized and directed, either in his own name or in the name of the insurance com-pany, to prosecute each stockholder in some appropriate action, for the recovery of the sum so assessed on each share of stock, if the same should not be paid on demand. To the declaration defendant pleaded the general issue, and on the trial the court to whom the cause had been submitted for trial, without the intervention of a jury, found the issues for defend-ant. That finding was warranted by the law and the evi-dence.

It is admitted defendant was not in person made a defend-ant in the chancery case instituted by creditors to discover assets, and wherein a receiver was appointed to take charge of the affairs of the corporation, nor to the petition to the

court praying for an assessment on the unpaid shares of stock to pay debts still owing by the corporation, except as set forth in the decree. It appears the court in which the petition for an assessment was pending, by an order, fixed a day when the cause would be heard, and directed the receiver to give notice to all stockholders in the company, by a publication of a copy of such order in some newspaper of general circulation, once a week for four successive weeks, and also directed that a copy thereof be sent by mail, directed to each stockholder at his place of business or residence. That publication, it appears, was made, and a copy mailed to each stockholder. Whether any notice was in fact received by defendant, does not appear. It is certain he was not a party either to the original suit by the creditors, wherein the receiver was appointed, or to the proceeding to procure an assessment to be made upon the unpaid shares of stock to pay debts. Not having been made a party to either proceeding, defendant is not bound or concluded thereby. He is not affected by either decree. Excluding the order of the court making an assessment on the shares of stock as evidence against defendant, as must be done, no evidence remains of any assessment on shares of stock that is obligatory on defendant, or that he is bound to observe. A case exactly in point in principle is *Chandler* v. *Brown*, 77 Ill. 333, and as it is conclusive of this view of the law, it will not be necessary to discuss it as a new question in this court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

SHELDON and WALKER, JJ., dissenting.