THE GREAT WESTERN TELEGRAPH COMPANY, FOR USE OF ELIAS R. BOWEN, RECEIVER,

v.

F. D. GRAY.

*Corporations—Unpaid Subscriptions to Capital Stock—Action to Recover Assessment—Parties—Pleading.*

1. When some right is sought to be enforced against a corporation, and the right sought is against the stockholders as individuals, then they are necessary parties.

2. In an action to recover an assessment on certain shares of the capital stock of the plaintiff corporation, held by the defendant, it is *held:* That the court below properly sustained the demurrer to the declaration, from which it does not appear that the defendant was a party to the suit in chancery in which the order of assessment was made.

[Opinion filed May 27, 1887.]

IN ERROR to the Circuit Court of Lake County; the Hon. CLARK W. UPTON, Judge, presiding.

This was an action of assumpsit brought by the plaintiff in error to recover from the defendant in error the sum of $875, being thirty-five per cent. of the par value of one hundred shares of the capital stock of the plaintiff in error under the following contract:

"Capital $3,000,000. Shares $25. Assessments not to exceed $10 on a share.

"SUBSCRIPTION LIST FOR THE CAPITAL STOCK, OF THE GREAT WESTERN TELEGRAPH COMPANY.

" *We, the subscribers hereunto,* for value received, *severally* but not *jointly agree to take the number of shares* in the capital stock of *The Great Western Telegraph Company* placed opposite our respective names, and *pay for the same* in installments, to wit: five per cent. on amount paid in *and the balance as the directors from time to time may order;* in consideration thereof, the Great Western Telegraph Company agree, that when forty per cent. of the par value of the shares shall have been paid under such orders, and the installment receipts therefor surrendered to the company, the number of shares severally subscribed by the undersigned, shall be issued to them as full paid stock of said company.

"————————is appointed agent to solicit stock and receive only the first installment of five per cent. (fifty cents on a share) at the time of subscribing.

"————————————, Secretary.

"Names.     Residence..     Date of Subscription.     Number of Shares.
F. D. Gray.     Chicago.     June 11, 1868.     One Hundred."

The declaration avers that the defendant in error had heretofore and according to the order of the board of directors paid upon each of said shares the sum of $10, but that he has never heretofore paid to the plaintiff any other or further sum than as aforesaid upon the said shares or either of them. The declaration further avers that about the 19th of November, 1869, a suit in chancery was brought in the Cook County Circuit Court, wherein one Jeremiah Terwilligan and certain other stockholders of plaintiff in error were complainants and wherein plaintiff in error and others were defendants, in which suit plaintiff in error was duly summoned and appeared (opinion of Supreme Court in this suit is found in 59 Ill. 250); that certain proceedings were afterward had in said suit, to wit, on the 7th day of October, 1874, whereby said court took jurisdiction and control of the plaintiff in error and appointed Elias R. Bowen receiver, and conferred upon

him all the powers and duties usually granted and imposed upon receivers in such cases, which order has never been revoked, vacated, annulled or set aside; that said suit is still pending in said court. The declaration further avers that previous to the 10th day of July, 1886, plaintiff in error had become and was justly indebted to various and sundry persons in a large amount, to wit, in the sum of $400,000, and which indebtedness has never been paid; and that the whole of said indebtedness accrued subsequent to the signing of the contract of subscription by defendant in error. The declaration further avers that all of the stockholders of plaintiff in error were not made parties to said suit in chancery by name, and that it was impracticable to make them such parties. The declaration further avers that on the 10th day of July, 1886, a certain decree was made and entered finding that the plaintiff in error was a corporation duly organized in 1867 under and by virtue of the laws of the State of Illinois providing for the establishment of telegraphs; that a suit was commenced in the year 1869 against the plaintiff in error and other persons, who were each duly served with process and appeared in said suit and that said suit is now pending; that on the 7th day of October, 1874, upon supplemental bill, a receiver was appointed; that the plaintiff was largely in debt, to the extent of more than $375,000, and which indebtedness was in the form of judgments and decrees against the plaintiff in error ; that said court had, before said 10th day of July, 1886, by references had for that purpose in said suit, determined and found the entire indebtedness of the plaintiff in error and the name of each of its creditors, and that said creditors made proof of their several claims; that all of the property of the plaintiff in error had been sold under the orders of the court, and the proceeds distributed to the creditors; that the plaintiff in error had no property, real or personal, except the balances and amounts remaining unpaid and due from its stockholders upon their several subscriptions to the capital stock of the plaintiff in error. The court further finds that it was necessary that thirty-five per cent. of the par value of each share of said capital stock subscribed for or held by said stockholders

should be called for and required to be paid by them and then assigned for the purpose of paying this indebtedness, and an order to that effect was made.

A demurrer was filed to the declaration. Demurrer sustained. Judgment for the defendant for costs. From said judgment this appeal is taken. Errors assigned: The court erred in sustaining demurrer to declaration and rendering judgment for defendant in error for costs.

The court erred in not rendering judgment in favor of plaintiff.

Mr. THOMAS J. SUTHERLAND, for plaintiff in error.

The Circuit Court of Cook County did, by appointment of receiver, regularly obtain jurisdiction and control of the company, its property and affairs. It has the same power as the board of directors had, and its orders have the same force and effect as the resolutions of the board would have had before the appointment of the receiver. Upton v. Tribilcock, 91 U. S. 45; Webster v. Upton, 91 U. S. 65; Sanger v. Upton, 95 U. S. 56.

It has the power to make an assessment or call for any portion of the unpaid balances due on the subscriptions to the stock of the company for the payment of the corporate debts, provided the assessment is *pro rata*. Lamar Ins. Co. v. Moore, 84 Ill. 575; Patterson v. Lynde, 112 Ill. 196, 205.

The decree of assessment found that it was impracticable in that proceeding and suit to make all the stockholders parties to it, for the reasons there stated. That decree and finding is conclusive on the stockholders and the defendant as to this fact and upon the court, as it stands confirmed and unexcepted to, and can not be attacked collaterally in the proceeding. Smith v. Rotan, 44 Ill. 506; Ryan v. Lynch, 68 Ill. 160; Ward v. Farwell, 97 Ill. 593, 616; Patterson v. Lynde, 112 Ill. 196, 205.

It will be observed that the Circuit Court of Cook County rendered no personal decree against the stockholders. It simply made the order for payment of thirty-five per cent., as the board of directors would have passed the resolution to the same

effect. The court in this matter is not bound to do more than the directors would have been bound to do for the same purpose.

Mr. ERIC WINTERS, for defendant in error.

It does not appear that the defendant was a party to the suit or proceedings in the Circuit Court of Cook County, wherein the assessment was ordered. Chandler v. Brown, 77 Ill. 333; London Ins. Co. v. Gulick, 102 Ill. 41.

WELCH, J. The only question submitted for our consideration was the action of the court proper in sustaining the demurrer to the declaration. In our view the action of the court was proper for the reason that it does not appear in and by said declaration that the defendant in error was a party to the suit, wherein was made and entered the decree appointing a receiver, or that he was a party to said suit wherein said order of assessment was made. In the case of Lamar Ins. Co. v. Gulick, 102 Ill. 41, which was an action of assumpsit brought in the name of the insurance company for the use of the receiver upon a stock note or bond given by the defendant to the Lamar Insurance Company, the declaration avers that a bill was filed by the creditors against the insurance company, and that a receiver was appointed; "that the receiver had exhausted all assets in paying debts except stock subscriptions, and still $100,000 of debts remained unpaid; that in said creditors' suit a petition for an assessment upon the unpaid stock subscriptions, for the purpose of paying the existing indebtedness of the company, was presented to the court; that such proceedings were had on such petition that an assessment of $40 per share of such stock was made, and the receiver was authorized and directed to prosecute each stockholder in some appropriate action for the recovery of the sum so assessed on each share of stock. The defendant was not in person made a party defendant in the chancery suit instituted by the creditors, wherein the receiver was appointed, or to the petition to the court praying for an assessment on the unpaid shares of stock to pay debts still owing, etc. Justice Scott in that case said: "It is certain he was not a party either to the

original·suit by the creditors wherein the receiver was appointed, or to the proceedings to procure an assessment to be made upon the unpaid shares of stock to pay debts. Not having been made a party to either proceeding defendant is not bound or concluded thereby. He is not affected by either decree." \* \* \* " A case exactly in point in principle is Chandler v. Brown, 77 Ill. 333. And as it is conclusive of this view of the law it will not be necessary to discuss it as a new question in this court." The case of Chandler v. Brown was an action of assumpsit brought by Chandler as receiver of the Lamar Insurance Company against Brown to recover the balance remaining unpaid on his subscription to the capital stock of the company. The declaration averred the filing of a bill in chancery by certain creditors of the insurance company, against the insurance company and others; that in said proceedings said insurance company was declared insolvent; its affairs ordered to be closed up. A receiver was appointed and an order of the court directing an assessment to be made of twenty per cent. more on the stock, etc. Justice Scholfield in that case said: " It is incumbent on the plaintiff to show clearly a legal right to institute and carry on the suit. To this end he should show his appointment by a decree which is conclusive as against the defendant. This he has failed to do ; it nowhere appears, either by the recitals in the decree copied in the several counts, or by distinct averment, that the defendant was a party to this proceeding." The same is true of the defendant in this case. It is insisted by counsel for plaintiff in error that as the decree of assessment found that it was impracticable in that suit and proceeding to make all the stockholders parties to it, etc., that that decree and finding is conclusive on the stockholders and the defendant in error as to this fact and can not be attacked collaterally, and we are referred to Ward v. Farwell, 97 Ill. 593, and Patterson v. Lynde, 112 Ill. 196. Ward v. Farwell, *supra*, was·a bill filed by the appellant as receiver of the Republic Life Insurance Company, appointed as such receiver under a petition filed by the Auditor of Public Accounts against the said insurance company, setting forth among other things, that the petitioner " had lately caused

an examination of the Republic Life Insurance Company organized under the laws of this State, and that from such examination he was of opinion the condition of said company was such as to render its further continuance in business hazardous to the insured therein, paying," etc. Upon filing this petition, the insurance company appeared, and the appellant was appointed receiver. The object of the bill filed by appellant was to have the action of the company in canceling certain of the original certificates of stock set aside and annulled, and also to have an assessment of sixty per cent. or whatever amount the evidence may show is necessary, made upon all the stockholders without regard to the attempted cancellation for the purpose of meeting the liabilities of the company. It was insisted by the counsel for appellees in that case "that the stockholders were necessary parties to the proceeding in the appointment of a receiver," and the court having proceeded to this appointment without having them before it, its action is not binding on them. Justice Mulkey said : " The general rule is unquestionably that when some right is sought to be enforced against a corporation, and the relief asked will only affect the stockholders as stockholders, and no discovery nor relief is sought against them as individuals, then they are unnecessary parties to a bill in chancery. Treating the petition as a bill, and testing the question by this general rule, the stockholders were not indispensable parties to the proceeding, for the petition neither seeks discovery, nor relief against the stockholders. The only way in which they are affected by the proceeding is in their character as stockholders, and in that character, where nothing is required of them personally, they are sufficiently represented by the corporation itself." Patterson v. Lynde, was a bill in equity brought by the appellants against the Malheuer and Burnt River Consolidated Ditch and Mining Company, and Ramson R. Cable and Cornelius Lynde et al., stockholders in that company, to compel them to pay the amount of debt owed by the company to the complainants, because of their respective indebtedness to the company on unpaid subscriptions to its capital stock. Demurrer was sustained to the bill, which was affirmed in the Appellate and

Supreme Courts.  We do not understand that the rule announced in 77 Ill. *supra*, or in 102 Ill. *supra*, has been modified by the rule announced in 97 Ill. *supra*, or 112 Ill. *supra*.  As stated in 97 Ill. *supra*, "When some right is sought to be enforced against a corporation, and the relief asked will only affect the stockholders as stockholders, and no discovery nor relief is sought against them as individuals, then they are unnecessary parties."  The converse of the rule would be, when some right is sought to be enforced against a corporation, and the relief sought is against the stockholders as individuals, then they are necessary parties.  The rule announced in 112 Ill. *supra*, is that creditors under proper circumstances may file a creditor's bill, and subject unpaid subscriptions to the payment of their claims against the corporation.  In such case the creditor is subrogated to the place of the debtor corporation, and the proceeding is in the nature of an equitable attachment, by which the debts due the corporation may be applied to the payment of its own debts.  We are of the opinion that this case falls within the rule announced in 102 Ill. *supra*, and 77 Ill. *supra*, and that it is not now an open question.

The demurrer was properly sustained.

*The judgment is affirmed.*