# J. H. ELLIS

## V.

# THE GALESBURG BASE BALL ASSOCIATION ET AL.

*Justice Court Practice—Garnishee of Stockholder by Creditor of Corporation—Proceedings in Other Court—When to be Presented as a Defense.*

A garnishee in a justice court, if he has a defense of a dilatory character, must present the same before an issue on the merits has been formed and is being tried.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. CHARLES S. HARRIS, for appellant.

Messrs. R. C. HUNT, for F. G. Burtt, appellee.

Mr. Justice Harker. On the 5th of September, 1890, Burtt recovered a judgment against the Galesburg Base Ball Association (a corporation organized under the laws of Illinois) before a justice of the peace. On the judgment an execution issued and was returned *nulla bona*. On the 16th of July, 1891, he sued out a garnishee against appellant as a subscriber and holder of unpaid stock of the association, as authorized by Sec. 8, of Ch. 32, R. S., relating to corporations, and recovered judgment against appellant for the amount of his unpaid subscription. On appeal to the Circuit Court the judgment was affirmed.

Upon the trial appellant showed that at the October term, 1890, of the Circuit Court of Knox County, Burtt, as a judgment creditor of the association, filed a bill asking the appointment of a receiver to collect unpaid subscriptions, pay its debts and wind up the affairs of the concern as provided by Sec. 25 of the Corporation Act above cited; that the proceeding was for the purpose of collecting the same judgment which formed the basis of the garnishment proceeding against appellant, and that the proceeding in equity was still pending. At the conclusion of the trial appellant moved to dismiss the suit against him as garnishee, on the ground that the court in which it was commenced did not have jurisdiction, but the court overruled his motion and rendered judgment against him as above stated.

We see no merit in the contention that appellant was not liable as a stockholder, because, at the time he subscribed for the three shares, the capital stock of $1,000, at first authorized, had already been subscribed for. The stock was subsequently increased to $3,000, after which he considered and conducted himself as a stockholder. Whether a judgment creditor of an insolvent corporation who has filed a bill in equity under Sec. 25 of the Corporation Act, and has secured the appointment of a receiver, with power to sue for and collect unpaid subscriptions to stock can, while such suit is pending and undetermined, proceed by garnishment under Sec. 8 of that act, against the holder of unpaid

stock, is a very serious question, and one which it is not necessary for us to decide in this case. The defense of proceedings pending in the Circuit Court by bill in equity to collect Burtt's judgment was dilatory in its character and came too late. While a written plea in abatement was not requisite, the pending of those proceedings should have been shown in support of a motion to dismiss the suit, or set up by appellant in his answer as garnishee. The law requires a garnishee in a proceeding before a justice of the peace to appear in person and submit to an oral examination under oath. Sec. 6, Chap. 62, R. S. If he has any defense of a dilatory character which he has not before interposed in the shape of a motion, he should make it then and not wait until an issue on the merits had been formed and is being tried. In this case appellant did not interpose this defense until after the usee had made all his proofs and closed his case.

The judgment entered by the Circuit Court worked no hardship against appellant beyond his liability. He was not a party to the proceedings in equity and was not under the control of the court in that case. The receiver had no power to proceed against him as a delinquent stockholder. Chandler v. Brown, 77 Ill. 333; Chandler v. Dore, 84 Ill. 275; Lamar Ins. Co. v. Gulich, 102 Ill. 41. Should an amendment to the bill make him a party and the receiver then proceed against him, he could interpose the garnishee judgment as a complete defense.

*Judgment affirmed.*