Franklin Co., O., Court of Common Pleas.

PARKER, Receiver of the Mutual Fire Insurance Co., of Chicago v. THE CENTRAL OHIO PAPER COMPANY.

1. The defendant, which was a member of the Mutual Fire Insurance Company of Chicago, was not a necessary party to a suit brought and pending in the Circuit Court of Cook County, Illinois, in which an assessment was made by the court upon the said defendant; and the judgment of the court touching that assessment is binding upon the defendant, although it was not made a party.

2. The said Circuit Court was as uccessor of the directors of said Fire Insurance Company, and had the same power which they possessed to order the assessment.

3. In this action it was competent for the defendant to make such defense against the assessment as it might have made, if the suit had been brought exclusively upon the contract of insurance.

PUGH J.

In September, 1888, the Mutual Fire Insurance Company of Chicago, issued to the defendant a policy of insurance, the annual premium therefor being $45. By the policy, the defendant became a member of the insurance company. The defendant gave a deposit note which stipulated for the payment of $225, payable in installments, at such times as the directors may order and assess or the losses and expenses of the company. By the policy it was stipulated that the defendant should pay to the company the premium annually, during the life of the policy, and in addition thereto, such sum or sums, in no event to exceed in the aggregate, five times the amount of the annual premium, at such time or times, in such manner, and by such installments, as the directors of the company should assess and order, pursuant to its charter and the laws of Ohio.

On September 1st, 1890, upon the request of the defendant, the policy was cancelled, and the note was surrendered to the defendant.

In October, 1890, the auditor of Public Accounts of Illinois, having, upon examination of the company's affairs, assets and liabilities, found that its assets were insufficient to justify its continuance in business, and to pay its debts, instituted proceedings in the Circuit Court of Cook County, Illinois, to enjoin the company from the further prosecution of it business, and for the appointment of a receiver to wind up the corporation, liquidate its debts, etc.

The plaintiff was, in that proceeding, appointed a receiver.

A Master in Chancery, in obedience to a decree rendered in that proceeding, took proof as to debts and assets of the company and marshaled the latter, of which he made report to the said Circuit Court.

In April, 1891, upon a petition filed by the receiver, in that proceeding, the court ordered a special master to take testimony and ascertain and report the amount of the company's indebtedness for losses on policies, expenses and the amount, if any, to be assessed on the deposit notes and membership liability of the members of the company. A report was made, the details of which need not be enumerated. The court, finding that the report was true, and having overruled all exceptions thereto, ordered the receiver to make an assessment, and the court itself also made an assessment, upon each member of the company to the amount of sixty-five per cent of the premium notes and membership liability of each member.

It is alleged that the basis of the assessment was the just proportion of all losses and expenses which accrued during the time for which the policies of the members were issued, and did not, in any case, exceed the amount of the premium notes given, or the amount or value of the membership liability. he receiver was also ordered to notify each member and to make a demand on him for it, as the case might be, for the amount so assessed.

The receiver obeyed that order. The assessment levied upon the defendant amounted to $98, which, not having been paid, upon demand by the receiver, it is averred, that that entitles him to a recovery of the amount of the premium note, $225; and it is for that amount that this suit is brought.

The defenses are general and special. They will sufficiently appear, by inference, from this opinion.

1. The exeution of the premium note and co-temperaneous delivery of the policy were not proved by demonstrative evidence, but, in the absence of controverting evidence, they were sufficiently established, by the evidence of relevant circumstances.

2. The assessment was not illegal, because it was made large enough to cover indebtedness other than losses and expenses for which the members were liable. The illegal and legal parts, if there are such, are divisible, are capable of being separated; and the plaintiff, having disclaimed all pretension to recover an assessment to pay such other debts, the defendant has no right to complain of the assessment. The assessment is harmless to it.

Moreover it is a query whether the assessment could be thus collaterally assailed, as ti is by the defendant.

See Morawetz on Corporations, Sec. 822.

3. A cancellation of the policy and a surrender of the note to the defendant did not conclude the right and power of the Illinois court, or the receiver thereof, to make the assessment. Nor was it incumbent upon the plaintiff to prove either fraud or mistake in the transaction of cancelling the policy and surrendering the note, in order to vindicate the assessment and to entitle the receiver to recover in this action; nor did he have to prove that losses etc., were incurred, before that was done, and their amounts.

The policy had this conspicuous and un-ambiguous stipulation in it touching the contingent liability of the defendant: "All contingent liability of the insured shall cease and determine upon the termination of this policy from any cause, so far as regards losses and expenses incurred subsequent to such termination, but the liability as re-gards prior losses and expenses shall not terminate until all assessment levied against it are paid in full. '

This obligation, assumed by the defend-ant, sterilyzes the claim, that the mere fact of the cancellation of the policy and sur-render of the note extinguished its liability for losses and expenses that were incurred before that transaction.

4. The Circuit Court of Cook county, considered and adjudicated these questions: First, Whether there were losses and ex-penses incurred by the company, before the policy was cancelled and the note surrender-ed; second, their amount; and third, the necessity for, and the amount of the assess-ment.

But it is contended that its decree was not binding upon the defendant, because it was not a party to the proceeding in that court. The effect of that decree is the crucial question in this case.

In form and substance the decree was merely a call or assessment upon members of the company. It was such an assessment as the directors of the company could have made, if no receiver had been appointed.

The court, having assumed charge, of the affairs and assets of the company, occupied the place of the directors and could exercise their power. The directors being deposed, and therefore, being unable to make the as-sessment, it was competent for the court to make it, or order some officer to make it, if authorized by statute, and to appoint a re-ceiver to collect the assessment and to en-force payment of the same by appropriate action against the members. I borrow from the latest decision of the United States Su-preme Court this language, because it fits this case exactly: "The order of assessment, whether made by the directors as provided in the contract * * * or by the court as the successor in this respect of the direct-ors, was, doubtless, unless directly attacked and set aside by appropriate judicial pro-ceedings' conclusive evidence of the neces-sity for making such an assessment and to that extent bound every stockholder without personal notice to him."

Great Western Tel. Co. vs. Purdy, 16 Su. Ct. Rep 811, and cases cited.

The decree plead by the plaintiff, and which ordered the assessment, was not a judgment against any particular member. It did not purport to determine whether any member was liable for any specific amount. It did not absorb the plaintiff's cause of ac-tion on the contract against any member; nor did it deprive any member, when sued for an assessment, of the right to make any defense which he might make in an action upon the contract. Id. 813.

The judgment did not, for example, inter-cept the defense, that the defendant had paid its share of the losses, or that the ac-tion was barred by the statute of limita-tions.

"As to the necessity" for the assessment, and all that is implied thereby, the decree of the Illinois court is conclusive against all the members, whether residents or non-resi-dents, and whether they were or were not, made parties to the winding up and suit pending in that court.

The rationel of the rule is, that the in-surance company was, in that suit, the agent of the members, and that they were parties to it by representation. If the insurance company had not become insolvent, and the directors had made the call or assessment, it could not have been successfully insisted that it was not valid, because the defendant, as a member, was not processed, or notified, to appear, before the directors. Since the court made the assessment, as the successor of the directors, there was no more reason why the members should have been served with process, or notified, to appear in the suit therein pending. Great Western Tel. Co., 134 Ill., 630; Bates vs. Great Union Tel. Co., 134 Ill., 536. No other rule could be endured; for, if it was necessary to make all of the members parties to such a winding-up action, the burden would fall upon those who lived within the jurisdiction of the court; or resort would have to be had to the "inconvenient" and possibly impracticable, devise of in-stituting auxiliary suits, in equity, in other jurisdictions. 3 Thompson's Corporations, Sec. 3404.

Again, since the insolvency of a corpor-ation has such an important bearing upon the interests of the members, it is not violent to presume that all of them, non-residents, as well as residents, had knowledge of the insolvency, and also of the suit to wind it up. Id. Sec. 5404.

5. This question as to the effect that should be given to the decree of the Illinois Court is necessarily a Federal question. The constitution and laws of the United States exact from the courts of each state full faith and credit in the records and judicial pro-ceedings of the courts of all the other states. Being a Federal question, and the Federal Courts having a right to judge for them-selves of the true nature and effect of a judg-ment rendered by the court of one state, when relied upon in another state, the decisions of those courts are determinative of the question. The decisions of state courts have not even persuasive influence, when they conflict with the decisions of the Federal Courts.

Numerous decisions of the United States Supreme Court sustain the conclusions here reached. Some of them are assembled in the opinion of Justice Gray in the Purdy case.

6. The defendant can not challenge "the necessity for making such an assessment" as was made by the Illinois Court; quoting from the Purdy case, the effect of its decree

is "to fix the amount which any stockholder" (member) "liable under his contract  *  * should pay, and to authorize the receiver to bring suits against stock-holders?" (member) "was liable for anything." The defendant had the right to make any defense which contributed to show that it was not liable upon its contract.

7. The propositions of fact which the plaintiff had to prove, were these:

(a) The corporation of the insurance company.

(b) That a policy was issued to the defendant.

(c) That it was a member when the losses and expenses were incurred for which the assessment was made.

With the decision of the United State Supreme Court, in the Purdy case, before me, I am satified that, if I have erred at all, it in placing the burden of proving too many facts upon the plaintiff. But I am convinced that all those just enumerated have been proved. If, at the time the policy was cancelled and these notes surrendered, the defendant paid its share of the prior losses and expenses, it was one of its defenses, which it was required to prove. But the defendant offered no proof; it contented itself with resting upon the supposed weakness of the plaintiff's case.

8. I have already responded to the contention that, by the cancellation of the policy and surrender of the note, all contractual relations between the insurance company and the defendant were sundered. It may be supplemented. The capital stock of a corporation is a trust fund for the benefit of its general creditors. If, at the time the defendant's policy was cancelled and its note was surrendered, there was anything due from it, as its share of the prior losses or expenses, that was part of the trust fund that was designed for the benefit of the creditors of the insurance company. It was not within the power of the latter's governing officers, "by agreement or other transactions" with the defendant, "to release the latter from its obligation to pay," to the prejudice of its creditors", or which is the same thing, to the prejudice of the beneficiaries of the trust fund", "except by fair and honest dealing for a valuable consideration." 3rd Thompson's Corporation, Sec. 3718.

The cancellation of the policy and the surrender of the note was a "transaction" which could not operate to release the defendant from the payment of its appropriate share of the previous losses and expenses.

9. To sustain the defense, that the defendant was not affected in its rights by the decree of the Illinois court because it was not made a party and served with process therein, the decisions in Lamar Ins. Co. vs. Gulick, 102 Ill. 41, and in Chandler vs. Brown, 77 Ill. 333, were enlisted in the service.

A statute of Illinois, having required stockholders to be made parties to suits like those in which those decisions were delivered, explains away their value as author-

ities, making them irrelevant.

From a case like the one now at bar, these cases are differentiated in Western Telegraph Co. vs. Gray, supra. The decision in that case overruled the decision in Chandler vs. Brown, and, consequently, the decision in the Gulick case was overruled, because it was simply a disciple of the other decision.

10. The decision in Hyde vs. Lynde, 4 N. Y., 387, was also appealed to; but the decision there hinged upon the finding that an adjustment had been made between the insurance company and the policy holder, before a receiver was appointed, which was binding upon the company. In the case at bar there is no evidence to authorize the conclusion that such a contract was made with the defendant.

11. Among the cases assembled by defendant's counsel was "Republic Life Insurance Co. vs. Swigert, 135 Ill., 150. An analysis and discretion of the facts of that case and of the reasoning of the court will make its irrelevancy to this case manifest. It started with the postulate that a corporation, if it acts in good faith, may buy and sell shares of its own capital stock. The act of the insurance company reviewed, was construed to be, in effect, a purchase of its own capital stock; for it cancelled all the shares or certificates, issuing, in lieu thereof, paid up stock for one fifth of the amount of the stock cancelled. That was not ultra vires, and was obligatory upon the company; and upon the principle that a receiver possesses no greater rights than those of the company, and that he could only enforce such contracts as the company could enforce, the decision was that the receiver could not collect the unpaid portions of the subscriptions of subscribers. The rights of creditors did not enter into the case. There is no parallelism or analogy even between that and this case; because it does not appear here that the insurance company, within the scope of its power, released the defendant from paying its share of the previous losses and expenses. The policy, in plain effect, stipulated that the cancellation of the policy and surrender of the note should not exempt the defendant from liability for the prior losses an expenses.

12. To the numerous cases assembled by Justice Gray in the Purdy case, I add the following, which are to the same effect: M. M. F. Ins. Co. vs. Merrill, 59 N. W. R., 662. Iona E. & B. Farmers' Mfg. Ins. Co. v. Otto, 56 N. W. R. 88. Hamilton vs. Glenn, 85 Va., 901; S. C. 9 S. E. 129. Sanger v. Upton, 91 U. S. 45. Hall v. U. S. Ins. Co., 5 Gill (Md.) 484. Hatch vs. Dana, 101 U. S. 205. Ward vs. Griswold, 16 Conn, 593. Thompson vs. Reno Saving Bank 3 Am. St. R. 883. Marsh v. Burroughs 1 Wood, 468. Upton v. Hansbrough, 3 Bissel, 417.

Judgment for plaintiff for $—